**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMUEL LETIZIA, *on behalf of himself and all others similarly situated*,<br><br>*Plaintiff*,<br><br>vs.<br><br>ABRAHAMSEN GINDIN, LLC,<br><br>*Defendant*. | ) | Case No. |

**CLASS ACTION COMPLAINT**

Samuel Letizia, on behalf of himself and all others similarly situated, by and through the undersigned counsel, now files this Class Action Complaint averring as follows:

**INTRODUCTION**

1. Plaintiff, Samuel Letizia, ("Plaintiff") brings this lawsuit on behalf of himself and all others similarly situated under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Defendant, Abrahamsen Gindin, LLC ("Defendant"), has perpetuated unlawful debt collection practices violative of the FDCPA premised on the exposure of Plaintiff's sensitive financial information.

3. Defendant was required to take certain precautions to protect sensitive financial information pursuant to Pennsylvania's Public Access Policy, 204 Pa. Code § 213.81, *et seq*. (the "Public Access Policy").

4. Defendant failed to take said precautions, exposed the financial information of Plaintiff and the Class Members (defined herein), and falsely certified compliance with the Public Access Policy.

## PARTIES

5. Plaintiff is an adult individual who resides in Mars, Pennsylvania.

6. Defendant is a law firm registered with Pennsylvania's Department of State as a domestic limited liability company. Defendant maintains a registered address of 245 Main Street, Suite 100, Dickson City, Pennsylvania 18519.

## JURISDICTION AND VENUE

### A. This Court Possesses Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1331.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 ("Federal Question Jurisdiction"), as Plaintiff is advancing causes of action pursuant to the FDCPA (the "Federal Law Claims").

### B. The United States District Court for the Western District of Pennsylvania is the Appropriate Venue for this Matter Pursuant to 28 U.S.C. § 1391(b).

8. Venue is proper in the United States District Court for the Western District of Pennsylvania, Pittsburgh Division (the "Western District") as a substantial part of the events and omissions giving rise to the Federal Law Claims occurred within this judicial district. Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

9. Specifically, these events and omissions occurred in Butler County, Pennsylvania, which is one of the counties encompassed by the Western District.

10. This matter is properly before the Pittsburgh Division of the Western District because the conduct complained of herein arose in Butler County, Pennsylvania, and conduct arising within Butler County is docketed within the Pittsburgh Division of the Western District

pursuant to Local Rule 3 (LCvR 3).

**C. This Court May Exercise Personal Jurisdiction Over Defendant.**

11. This Court may exercise personal jurisdiction over Defendant pursuant to 42 Pa. C.S. § 5301(a)(2), and this Court's exercise of jurisdiction over Defendant complies with the Due Process Clause of the United States Constitution.

12. Personal jurisdiction is proper over a defendant if the defendant is a registered Pennsylvania entity and has thus "consented" to the exercise of general personal jurisdiction pursuant to 42 Pa. C.S. § 5301. *Aetna Inc. v. Kurtzman Carson Consultants, LLC*, No. 18-470, 2019 BL 114021, at *5 (E.D. Pa. Mar. 29, 2019) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985); *Bane v. Netlink, Inc.*, 925 F.2d 637, 641 (3d Cir. 1991)).

13. 42 Pa.C.S. § 5301 states: "The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person." 42 Pa.C.S. § 5301(a). This definition is expanded to "corporations" pursuant to 42 Pa.C.S. § 5301(a)(2) which provides:

> Corporations.—
> (i) Incorporation under or qualification as a foreign corporation under the laws of this Commonwealth.
> (ii) Consent, to the extent authorized by the consent.
> (iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

42 Pa. C.S. § 5301(a).

14. As discussed above, Defendant has registered itself as a domestic limited liability company in the Commonwealth of Pennsylvania and accordingly subjected itself to the general jurisdiction of Pennsylvania's tribunals; further, Defendant maintains its operations in Pennsylvania and conducts business operations within Pennsylvania.

15. Accordingly, Defendant may properly be personally brought before this Court pursuant to 42 Pa.C.S. § 5301(a).

## GENERAL ALLEGATIONS

**A. False Misrepresentations and Deceptive Conduct Directed Towards Plaintiff.**

16. On or about August 30, 2024, Defendant, on behalf of its client OneMain Financial Group, LLC, ("OFG"), filed a Complaint in Civil Action (the "Complaint"), contemporaneous with supporting exhibits (the "Exhibits"), in the Court of Common Pleas of Butler County at case number 24-10790. A true and correct copy of the Butler County electronic docket is attached hereto, made a part hereof, and marked as Exhibit A.

17. The Exhibits attached to the Complaint include documents titled "Loan Agreement and Disclosure Statement" and "Loan Terms and Conditions". A true and correct copy of the Complaint with the Exhibits is attached hereto, made a part hereof, and marked as Exhibit B.

18. The Exhibits identify several components of information involved in the loan application process such as the finance charge; amount financed; payment schedule; total payments of an alleged debt attributed to Plaintiff; Plaintiff's address; and the make, model, and VIN number of Plaintiff's vehicle being used as a security interest.

19. The "Loan Agreement and Disclosure Statement" and "Loan Terms and Conditions" are documents created in the course of applying for a loan and therefore constitute "loan application documents".

20. The Public Access Policy considers "loan application documents" as a form of "Financial Source Documents." 204 Pa. Code § 213.81 Section 1(J).

21. As more thoroughly addressed below, when using Financial Source Documents, the Public Access Policy delineates a specific protocol for filing said documents.

22. This protocol requires a party to file them under the protection of a "Confidential Document Form" which redacts the documents from public view. 204 Pa. Code § 213.81 Section 8(A).

23. The Exhibits, however, are available for public view and inspection and were not shielded through a Confidential Document Form. Accordingly, Defendant did not comply with the mandates of the Public Access Policy.

24. Despite this lack of compliance, Defendant included a certificate of compliance that falsely certified it complied with the Public Access Policy.

25. Specifically, Joshua Borer, Esq., on behalf of Defendant, certified that "this filing [the Complaint] complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents." See Exhibit B.

26. In falsely representing that Defendant complied with the Public Access Policy, Defendant used false and deceptive means in the attempt to collect a debt in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

27. Upon releasing confidential information associated with Plaintiff, by making it available to public access through electronic or in-person means, Defendant utilized unfair and unconscionable means in connection with the collection of any debt and thereby violated 15 U.S.C. § 1692f of the FDCPA.

## CLASS ALLEGATIONS

28. Plaintiff incorporates the allegations contained in the above paragraphs as if fully set forth at length herein.

29. This Class Action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure and the members of this action (the "Class") and are defined to include the following:

> The Class consists of all individuals to whom litigation was commenced against by Defendant and to whom Defendant utilized "Financial Source Documentation" as defined within 213 Pa. Code 203.81 as exhibits to its pleadings.

30. Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more subclasses, in connection with a motion for class certification, or at any other time, based upon, among other things, changing circumstances and new facts obtained during discovery.

**A. F.R.C.P. Rule 23(a)(1) – Numerosity**

31. The Class is so numerous that it is impracticable to bring all persons and entities that comprise it before the Court. The exact number of the Class Members (identified as "Class Members") is unknown, but it is believed the Class includes hundreds of people within the Commonwealth of Pennsylvania.

32. In many instances, Class Members are either unaware that claims exist or have sustained individual damages too small to justify the costs of bringing suit separately. When aggregated, however, individual damages are large enough to justify this Class Action.

**B. F.R.C.P. Rule 23(a)(2) – Commonality**

33. The questions of law and fact common to the claims of the Class Members overwhelmingly predominate over any question of law or fact affecting only individual Class Members. Questions of law and fact common to the Class Members includes, but are not necessarily limited to, the following:

A) Whether Defendant's false affirmation of compliance with the Public Access Policy constituted a false, deceptive, or misleading representation in connection with the collection of a debt in violation of 15 U.S.C. § 1692(e) of the FDCPA;

B) Whether Defendant's false affirmation of compliance with the Public Access Policy constituted a "false representation" or "deceptive means" to collect a debt in violation of 15 U.S.C. § 1692(e)(10) of the FDCPA; and

C) Whether Defendant's false affirmation of compliance with the Public Access Policy constituted a "unfair" or "unconscionable" means to collect a debt in violation of 15 U.S.C. § 1692(f) of the FDCPA.

**C. F.R.C.P. Rule 23(a)(3) – Typicality**

34. Plaintiff's claims are typical of the claims of the Class that Plaintiff seeks to represent.

35. At all times material to the allegations of this Class Action Complaint, Plaintiff and the Class Members were subject to the same policies, practices, and procedures and seek the same kind of relief.

36. Plaintiff and the Class Members that Plaintiff seeks to represent have sustained similar types of damages, and the Class Members have claims that arise from an identical factual background and identical legal theories.

**D. F.R.C.P. Rule 23(a)(4) – Adequacy of Representation**

37. Plaintiff assures the adequacy of representation of all Class Members that he seeks to represent. As delineated above, Plaintiff's claims are typical of the claims of the Class Members. Plaintiff possesses no conflicts with the Class Members that Plaintiff seeks to represent in the maintenance of this action.

38. Plaintiff's interests are not antagonistic to the interests of the Class Members or the Class he seeks to represent because upon proving Plaintiff's claims, it will necessarily prove Defendant's liability as to the claims of the Class.

39. Plaintiff is also cognizant of and determined to faithfully discharge his fiduciary duty to the Class Members Plaintiff seeks to represent.

40. Plaintiff will vigorously pursue the claims of the Class and Plaintiff is aware that this Class Action cannot be settled on behalf of the Class Members without prior Court approval.

41. Plaintiff has and/or can acquire any and all financial resources necessary to vigorously litigate this Class Action Complaint.

42. The undersigned counsel are experienced in litigating class action civil lawsuits and have handled similar such actions in the federal courts for and on behalf of other litigants.

**E. A Class Action Provides a Fair and Efficient Mechanism for Litigation.**

43. As delineated above, the common questions of law and fact predominate over question(s) affecting individual Class Members. Accordingly, a class action provides a fair and efficient method of adjudicating this Class Action Complaint.

44. The substantive claims of Plaintiff and the Class require evidentiary proof of the same kind. Further, adjudicating the legal merits of Plaintiff's and the Class' claims will require the application of the same law since Defendant has treated the Class Members in a similar and/or identical manner.

45. The prosecution of separate actions by the Class Members readily creates the risk of inconsistent or varying adjudications with respect to individual Class Members. This would, as a practical matter, impair or impede the ability of the Class Members to protect their respective interests.

46. Furthermore, a class action represents a superior method for the fair and efficient adjudication of this Class Action Complaint. Individual litigation, and the corresponding expense

and burden, make it impossible for individual Class Members to seek redress for the wrongs complained of herein.

47. This forum is appropriate for litigation of the instant Class Action Complaint because Plaintiff resides in the Western District; Defendant conducts business in the Western District; and the course of conduct begetting liability and the factual basis of the Class Action Complaint occurred in the Western District.

48. There are no known unusual legal or factual issues that would impede or impair the progression of the Class Action Complaint that are not routinely handled in the course of traditional class action litigation.

49. Plaintiff seeks to represent Class Members that may be unaware that their rights have been violated, or if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages.

50. As such, a class action is the only practical proceeding available.

## THE PUBLIC ACCESS POLICY

51. The Public Access Policy delineates the means by which litigants to a matter are to protect certain documents employed in the course of litigation. The level of protection afforded to said documents depends on the substantive nature of said documents.

52. The various definitions, and eventual protections, afforded to documents are codified within Section 1.0 of the Public Access Policy. 204 Pa. Code § 213.81.

53. As discussed briefly above, 204 Pa. Code § 213.81 categorizes certain documents as "Financial Source Documents" and defines, in relevant part, these to be "financial institution statements" and/or "loan application documents." § 213.81 Section 1.0(J).

54. The Public Access Policy, under 204 Pa. Code § 213.81 Section 8.0(A), then identifies the appropriate precautions a party must take to use Financial Source Documents in the course of litigation.

55. Specifically, the Public Access Policy states that Financial Source Documents, among other documents, are "confidential and shall be filed with a court or custodian under a cover sheet designated 'Confidential Document Form'". 204 Pa. Code § 213.81 Section 8.0(A).

56. Accordingly, a party that wishes to use Financial Source Documents, in the course of litigation, must comply with the Public Access Policy and must file any such documents under the protection of a "Confidential Document Form" cover sheet.

57. The Public Access Policy designates the intended effect of the Confidential Document Form and states, "Confidential documents submitted with the Confidential Document Form shall not be accessible to the public, except as ordered by a court." 204 Pa. Code § 213.81 Section 8.0(B).

58. The Public Access Policy then mandates the party and/or its attorney to certify compliance with the use and designation of confidential information and requires:

> Parties and their attorneys shall be solely responsible for complying with the provisions of this section and shall certify their compliance to the court. The certification that shall accompany each filing shall be substantially in the following form: "I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents." The certification language may be inserted in the document to be filed, thereby obviating the need for a separate certification form

204 Pa. Code § 213.81 Section 8.0(D).

59. Accordingly, any party and its attorney must both comply with the Public Access Policy and supply an affirmative certification which indicates compliance.

**COUNT I**
**VIOLATION OF THE FDCPA**
**15 U.S.C. § 1692, *et seq*.**

60. Plaintiff incorporates the allegations contained in the paragraphs above, as if fully set forth at length herein.

61. The FDCPA was enacted in 1977 after Congress observed the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006) (quoting 15 U.S.C. § 1692(a)).

62. The FDCPA recognizes specifically that "means other than misrepresentation or other abusive debt collections practices" both exist and "are available or the effective collection of debts." 15 U.S.C. § 1692(c).

63. The FDCPA defines "consumer" to mean: "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

64. The FDCPA defines "debt collector" to mean: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

65. The FDCPA curtails a debt collector's ability to use false, unfair, and misleading methods of collection and states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692(e).

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692(f).

**A. Plaintiff is a "Consumer" Within the Scope of the FDCPA.**

66. Within the scope of the Complaint, Defendant, through its client OFG, alleges that Plaintiff borrowed money from OFG and that Plaintiff "agreed to pay plaintiff [OFG] in accordance with the terms of the Agreement." See Exhibit A.

67. Accordingly, Plaintiff is indisputably an individual allegedly obligated to pay a debt in satisfaction of 15 U.S.C. § 1692(a)(3).

**B. Defendant is a "Debt Collector" Within the Scope of the FDCPA.**

68. In reaching the determination as to whether an entity is a "debt collector" pursuant the FDCPA, the United States Court of Appeals for the Third Circuit (the "Third Circuit") employed the factors identified within *Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60 (2d Cir. 2004) to aid its analysis. *Walker v. CMG Mortg., Inc.*, No. 21-5381, 2023 U.S. Dist. LEXIS 208178, at *9 (E.D. Pa. Nov. 21, 2023) (citing *Siwulec v. J.M. Adjustment Servs., LLC*, 465 F.App'x 200, 203 (3d Cir. 2012)).[1]

69. The *Goldstein* factors outline a non-exhaustive list of components to consider in determining the "regularity" of an alleged debt collector's activity:

> (1) [T]he absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s);
> (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernible;

[1] The Third Circuit's *Siwulec v. J.M. Adjustment Servs., LLC,* 465 F.App'x 200, 203 (3d Cir. 2012), opinion was a non-precedential opinion under Third Circuit internal operating procedure Rule 5.7. However, the Third Circuit previously incorporated the *Goldstein* factors within *Oppong v. First Union Mortg. Corp.*, 215 F.App'x 114, 119-20 (3d Cir.2007). Accordingly, the *Goldstein* factors are used for Plaintiff's analysis here.

> (3) whether the entity has personnel specifically assigned to work on debt collection activity;
> (4) whether the entity has systems or contractors in place to facilitate such activity; and
> (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations.
>
> Facts relating to the role debt collection work plays in the practice as a whole should also be considered to the extent they bear on the question of regularity of debt collection activity (debt collection constituting 1% of the overall work or revenues of a very large entity may, for instance, suggest regularity, whereas such work constituting 1% of an individual lawyer's practice might not). Whether the law practice seeks debt collection business by marketing itself as having debt collection expertise may also be an indicator of the regularity of collection as a part of the practice.

*Goldstein*, 374 F.3d at 62-63.

70. Upon information and belief, Defendant regularly engages in collection-related litigation across the Commonwealth of Pennsylvania.

71. Defendant holds itself out as an entity that employs a "state-of-the-art automated process" that "collects on outstanding receivables for clients, using the legal process across various financial verticals." *See* https://ag-lawllc.com/ (last accessed August 28, 2025).

72. In the ordinary course of its collection-related litigation, Defendant circulates communications to the targets of said litigation and the frequency of such militates that Defendant is a "debt collector" pursuant to the second *Goldstein* factor.

73. Defendant has specifically assigned Joshua Borer, Esq. to the pursuit and collection of the alleged debt associated with Plaintiff. Further, upon information and belief, Defendant employed its "state-of-the-art automated process" in the collection of the alleged debt associated with Plaintiff.

74. Upon information and belief, Defendant maintains an ongoing relationship with OFG and was retained for the collection of the alleged debt associated with Plaintiff as a result of the longstanding relationship with OFG.

75. Defendant further markets itself as a "debt collector" both through its assigned process but also in its philosophy where it states, "We are committed to being fair and effective in recovering all that our clients are owed. We are always personable and professional in our dealings with consumers." *See* https://ag-lawllc.com/ (last accessed August 28, 2025).

76. Accordingly, Defendant is a "debt collector" within the scope of the FDCPA. Therefore, Defendant was mandated to comply with the provisions of the FDCPA.

**C. Defendant Used False Representations in Attempting to Collect a Debt in Violation of the FDCPA.**

77. On or about August 30, 2024, Defendant filed the Complaint and Exhibits in the Court of Common Pleas of Butler County.

78. The Exhibits contain documents titled "Loan Agreement and Disclosure Statement" and "Loan Terms and Conditions". Both of which contain documentation created in the ordinary course of applying for and receiving the loan, reflect information provided within the course of applying for the loan, and demonstrate the substantive terms and conditions of the loan at the end of its application life cycle.

79. Therefore, the Exhibits constitute "loan application documents" and/or "financial institution statements" under the purview of 204 Pa. Code § 213.81 Section 1.0(J).

80. Therefore, the Exhibits qualify as Financial Source Documents.

81. In light of Defendant's use of Financial Source Document, in the form of the Exhibits, Defendant was required to protect the Exhibits from public view and file the Exhibits under a Confidential Document Form.

82. However, Defendant failed to file the Exhibits behind a Confidential Document Form and failed to appropriately protect the Financial Source Documents contained within the Exhibits.

83. In doing so, Defendant both exposed Plaintiff's confidential information to the public and violated the Public Access Policy.

84. Despite Defendant's violation of the Public Access Policy, Defendant falsely certified it complied with the Public Access Policy. See Exhibit B.

85. Upon falsely certifying it complied with the Public Access Policy, Defendant used a false representation in its attempt to collect a debt and therefore violated 15 U.S.C. § 1692e(10) of the FDCPA.

86. Further, utilizing Financial Source Documents without the appropriate precautions constitutes an unfair means to collect a debt in violation of 15 U.S.C. § 1692(f) of the FDCPA.

87. Defendant's actions described hereinabove were the direct and proximate causes of Plaintiff's and the Class Members' damages, violations of statutory rights, and correspondingly led to the exposure of confidential information. Defendant is further liable to Plaintiff and the Class Members for actual damages and liquidated damages, together with costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k).

WHEREFORE, Plaintiff, Samuel Letizia, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## COUNT II
## PERMANENT INJUNCTION ORDERING DEFENDANT TO CURE THE ONGOING EXPOSURE OF PLAINTIFF'S CONFIDENTIAL INFORMATION

88. Plaintiff incorporates the allegations contained in the paragraphs above as if fully set forth at length herein.

89. In order to establish a claim for a permanent injunction, the party must establish his or her clear right to relief. *Buffalo Twp. v. Jones*, 571 Pa. 637, 813 A.2d 659 (2002).

90. The party need not establish either irreparable harm or immediate relief and a court "may issue a final injunction if such relief is necessary to prevent a legal wrong for which there is no adequate redress at law." Berwick Twp. v. O'Brien, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016) citing Buffalo Twp. at 663.

91. A party must also show greater injury will result from refusing rather than granting the relief requested. *Berwick Twp. v. O'Brien*, 148 A.3d 872, 891 (Pa. Commw. Ct. 2016).

92. In the case at hand, Plaintiff possesses clear rights to relief through 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f and 1692k of the FDCPA.

93. Defendant affirmatively employed false and misleading representations in clear violation of the FDCPA by falsely certifying compliance with 204 Pa. Code 213 while willfully failing to comply with said statute.

94. This false certification constituted a false and misleading representation in connection with the collection of any debt thus violating 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692f and 1692k of the FDCPA.

95. In the case at hand, a permanent injunction is necessary to prevent further harm from befalling Plaintiff stemming from Defendant's violations of the FDCPA.

96. As it stands, confidential information contained within the Exhibits and the Financial Source Documents has been published to the public at large.

97. These documents, and subsequently the information therein, are available for viewing and downloading by the public at any given time.

98. These documents can be utilized for a variety of purposes which all result in harm befalling Plaintiff and said harm ranges from emotional distress to identity theft to an endless number of other circumstances.

99. No adequate redress at law exists outside curing the exposure of confidential information as nothing short of the requested cure will protect Plaintiff's confidential information and that would bring a stop to this exposure.

WHEREFORE, Plaintiff, Samuel Letizia, seeks the damages set forth in the *ad damnum* clause of this Complaint, *infra*.

## ***AD DAMNUM* CLAUSE**

100. For the above stated reasons, Plaintiff, Samuel Letizia, respectfully requests this Honorable Court to enter judgment in his favor, and against Defendant, Abrahamsen Gindin, LLC, and prays for relief as follows:

101. Determine that this action may proceed as a class action under F.R.C.P. Rule 23, *et seq*.;

102. Designate Plaintiff as a representative for the Class;

103. Designate Plaintiff's counsel as counsel for the Class;

104. Award Plaintiff and the Class actual, consequential, statutory, and/or punitive damages, including restitution and disgorgement of all profits that Defendant obtained from Plaintiff and the Class as a result of Defendant's unlawful conduct;

105. Award reasonable attorney's fees and costs of suit incurred in pursuit of the instant litigation;

106. Award injunctive and other equitable relief as provided by law including

a. Ordering Defendant to cure the ongoing exposure of Plaintiff's and the Class's confidential information; and

b. Enjoining Defendant from filing Financial Source Documents without appropriately filing said documents in a protected manner and through the use of a Confidential Document Form; and

c. Enjoining Defendant from falsely representing compliance with the Public Access Policy.

107. Declare and find that Defendant committed one or more of the following acts:

i. Violated provisions of the FDCPA by employing false means in connection with the collection of an alleged debt;

ii. Violated provisions of the FDCPA by employing deceptive means in connection with the collection of an alleged debt;

iii. Violated provisions of the FDCPA by employing unfair means in connection with the collection of an alleged debt.

108. Issue proper notice to the Class at Defendant's expense; and

109. Award pre-judgment and post-judgment interest where accorded by law;

**JURY DEMAND**

110. Plaintiff demands a trial by jury on all matters so triable.

Date: August 28, 2025

Respectfully submitted,

**STEENLAND LAW, PLLC**

By: /s/ Kyle H. Steenland
Kyle H. Steenland (Pa Bar. 327786)

Steenland Law, PLLC
651 Holiday Drive, Plaza 5, Suite 400
Pittsburgh, PA 15220
Phone: 412.368.2324
Fax: 412.214.9182
E-mail: kyle@steenlandlaw.com

*Counsel for Plaintiff, Samuel Letizia*

and

**FENTERS LAW FIRM**

By: /s/ Brian J. Fenters
Brian J. Fenters (Pa Bar. 320202)

Fenters Law Firm
10664 Center Highway, Unit D
Irwin, PA 15642
Phone: 412.526.3016
E-mail: bfenters@fenterslaw.com

*Counsel for Plaintiff, Samuel Letizia*